UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BARRY YOUNKIE <br>     Plaintiff <br><br> v. <br><br> TENNESSEE DISTILLING GROUP LLC <br>     Defendant <br><br> *Serve*: Mike Williams <br>     Registered Agent <br>     815 S. Main Street <br>     Columbia, TN 38401-3307 | ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **VERIFIED COMPLAINT**

Plaintiff, Barry Younkie ("Younkie" or "Plaintiff"), by counsel, hereby states the following for its Verified Complaint against Defendant, Tennessee Distilling Group, LLC ("TDG" or "Defendant"):

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Younkie is a resident and citizen of the Commonwealth of Kentucky.

2. Defendant TDG is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal office located at 1929 Ridgecrest Drive, Columbia, TN 38401-7272. Upon information and belief, one or more of the members of TDG are citizens of the State of Tennessee.

3. The registered agent for service of process for TDG is Tennessee Distilling Group LLC, Attn: Mike Williams, 815 S. Main Street, Columbia, TN 38401-3307.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Younkie and TDG (whose

members, upon information and belief, are not citizens of Kentucky) and because the amount in controversy exceeds $75,000.00, exclusive of fees and costs.

5. This Court has personal jurisdiction over TDG by virtue of the facts that TDG is a Tennessee limited liability company, one or more of its members are, upon information and belief, citizens of Tennessee, and it regularly transacts business in the State of Tennessee.

6. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 because TDG regularly transacts business in this judicial district, has its principal office located in this judicial district, is otherwise subject to the personal jurisdiction of this Court, and a substantial portion of the acts and omissions giving rise to this action have occurred in this judicial district.

## FACTS

7. TDG is a distiller of Tennessee whiskey, bourbon, and other whiskeys that partners with various brands to provide whiskies, contract storage, contract bottling, and private label program services.

8. Younkie has spent his career in the wine and spirits industry, and is well known and regarded in the industry in the areas of brand growth and recognition.

9. In the fall of 2023, TDG offered Younkie employment as a member of TDG's Leadership Team. The terms and conditions of Younkie's employment with TDG are set forth in an Offer Letter dated September 19, 2023 (the "Employment Letter"), which was signed by Younkie on November 3, 2023. (A true and accurate copy of the Employment Letter is attached hereto as **Exhibit A**.)

10. As set forth in the Employment Letter, because Younkie is a resident of Kentucky and his employment require him to travel to Tennessee regularly, the terms of Younkie's

employment with TDG included, among other things, that Younkie "will be provided a leased vehicle of your choice with a purchase value of up to $70,000." (Ex. A, p. 2.)

11. Thereafter, Younkie entered into a lease for a 2024 Chevrolet Tahoe. Pursuant to the Employment Letter, the parties executed a letter dated January 19, 2024, which confirmed that TDG "will guarantee reimbursement to [Younkie] of the recurring monthly lease obligation of $1,660.44...through the initial lease term of thirty-six (36) months for a 2024 Chevrolet Tahoe which you have personally leased in January 2024. Additionally, [TDG] will provide you with premium reimbursement on an annual basis for your auto insurance coverage on the Tahoe for the initial lease term in the amount of $2,093.80." (A true and accurate copy of the January 19, 2024 letter described above is attached hereto as **Exhibit B**.)

12. On or about February 1, 2024, however, TDG abruptly and without explanation terminated Younkie's employment.

13. Concurrent with TDG providing notice of the termination of Younkie's employment, TDG presented a Separation Agreement and General Release to Younkie (the "Separation Agreement"), which became effective on February 7, 2024. (A true and accurate copy of the Separation Agreement is attached hereto as **Exhibit C**.)

14. The Separation Agreement provides, in relevant part, that TDG: (i) "will pay [Younkie] the gross amount of $9,615.38 payable in one lump sum on the regular payroll cycle" plus Younkie's accrued and unused PTO; and (ii) "will pay [Younkie] the gross amount of $102,110.04 payable in one lump sum in satisfaction of the lease of the 2024 Chevrolet Tahoe referenced in the attached letter dated January 19, 2024...[which] represents the lease amount, insurance and an estimation of taxes owed on the above amount" (the "Lease Severance" payment). (Ex. C, ¶ 2.) TDG was obligated to pay Younkie the Lease Severance on or before the

21st day following the date on which Younkie was first presented with the Separation Agreement. (*Id*. at ¶¶ 2, 10.)

15. Additionally, on or about February 19, 2024, Younkie submitted his final expense report to TDG for reimbursement of valid expenses he incurred on behalf of the Company and in connection with his employment. (A true and accurate copy of the final expense report is attached hereto as **Exhibit D**.)

16. In accordance with the Separation Agreement, TDG paid Younkie $9,615.38 and all amounts for his unused PTO on the next regular payroll cycle. However, upon the expiration of the 21-day period following the date Younkie was presented with the Separation Agreement (*i.e.*, February 21, 2024), TDG failed to pay Younkie the $102,110.04 in satisfaction of the Tahoe lease.

17. TDG has further failed to reimburse Younkie for the expenses set forth in his final expense report, which totaled $935.14.

18. After the date in which TDG was obligated to make the Lease Severance payment to Younkie had passed, Younkie requested that TDG provide him with a date that he could expect to receive the payment. TDG ignored Younkie's requests and never responded to him.

19. By letter dated March 7, 2024, Younkie's counsel notified TDG that it was in default of the Separation Agreement for its failure to pay the Lease Severance and demanded that TDG cure and rectify its breach within five (5) days. The letter further demanded that TDG immediately tender reimbursement to Younkie for the expenses set forth in his final expense report.

20. To date, TDG has failed to pay the Lease Severance required by the Separation Agreement, nor has it reimbursed Younkie for the final expense report.

## COUNT I – BREACH OF CONTRACT

21.     Younkie incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-20 of this Verified Complaint.

22.     The Separation Agreement constitutes a valid and binding contract between Younkie and TDG.

23.     Younkie has complied with all obligations required of him under the terms of the Separation Agreement.

24.     Despite Younkie's demands, TDG has failed and refused to pay the Lease Severance to Younkie as required by the terms of the Separation Agreement.

25.     TDG's failure to pay the Lease Severance to Younkie constitutes a material breach of the Severance Agreement.

26.     As a direct and proximate result of TDG's breach set forth herein, Younkie has been damaged in an amount to be proven in excess of the jurisdictional minimum of this Court.

## COUNT II – VIOLATION OF T.C.A. § 50-2-101 *et seq.*

27.     Younkie incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-26 of this Verified Complaint.

28.     TDG was required under the Tennessee Wage Regulation Act ("TWRA"), T.C.A. § 50-2-101 *et seq.*, to pay Younkie the Lease Severance and to reimburse him for the business expenses set forth in Younkie's final expense report.

29.     TDG's failure to pay the Lease Severance to Younkie constitutes a violation of the TWRA.

30.     As a direct and proximate result of TDG's violations of the TWRA, Younkie has been damaged and is entitled to a judgment in the amount of the unpaid Lease Severance

payment and the expenses set forth in the final expense report, plus an equal amount as liquidated damages, along with his reasonable attorney's fees pursuant to T.C.A. § 50-2-204(b).

**WHEREFORE**, Plaintiff, Barry Younkie, respectfully requests the following relief from the Court:

A. A judgment against Defendant for compensatory, liquidated, and all other appropriate damages in an amount to be determined at trial;

B. An award of his costs herein expended, including his reasonable attorney's fees;

C. Any other legal or equitable relief to which Younkie may be entitled; and

D. A trial by jury on all issues so triable.

Respectfully submitted,

VALENTI HANLEY PLLC

/s/ Michael A. Valenti
Michael A. Valenti
Hayden A. Holbrook
One Riverfront Plaza, Suite 1950
401 West Main Street
Louisville, KY 40202
*mvalenti@vhrlaw.com*
*hholbrook@vhrlaw.com*
(502) 568-2100
***Counsel for Plaintiffs***

## VERIFICATION

I, Barry Younkie, Plaintiff in the above-referenced Action, declare under the penalty of perjury that the facts alleged in the foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief as of the date hereof.

_____
Barry Younkie

7