# SEPARATION AGREEMENT AND GENERAL RELEASE

This Separation Agreement and General Release (hereafter referred to as the "Agreement") is made and entered into by and between  Barry Younkie  (hereafter "Employee") and Tennessee Distilling Group, LLC, its partners and all other related business entities (hereafter referred to as the "Company").

**WITNESSETH:**

**WHEREAS**, Employee and Company acknowledge that Employee has been employed by the Company for a period of time. However, the Company has decided that Employee's employment will end on   February 1, 2024  .

**WHEREAS**, Employee and the Company desire to settle fully and finally any and all differences between them, including, but in no way limited to, any differences that may have arisen out of Employee's employment with the Company or the ending of such employment.

**NOW, THEREFORE**, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

**FIRST**:  Employee acknowledges and agrees that his employment with the Company will terminate on   February 1, 2024  . Medical, Dental, and Vision coverage will end on February 29, 2024. All other benefits received by Employee shall terminate at 11:59 p.m. on the date of termination,  February 1, 2024 . Thereafter, if he elects to do so, Employee may continue health benefits pursuant to COBRA (see Second section below).

**SECOND**:  In consideration for this Agreement, the Company will pay Employee the gross amount of $  9,615.38  payable in one lump sum on the regular payroll cycle. Such payment amounts shall be minus regular income tax, FICA and any other required withholdings. Employee acknowledges that the consideration provided in exchange for this Agreement is not something to which he would be entitled in the absence of this Agreement. Employee shall also receive any accrued unused paid time off (PTO) as of   February 1, 2024  .

At then end of the time period referenced in the TENTH Section of this Agreement, and in consideration for this Agreement, the Company will pay Employee the gross amount of $  102,110.04  payable in one lump sum in satisfaction of the lease of the 2024 Chevrolet Tahoe referenced in the attached letter dated January 19, 2024, attached as Exhibit A. This amount represents the lease amount, insurance and an estimation of taxes owed on the amout above.

**THIRD**:  Employee agrees that he shall immediately return all property and information, electronic or otherwise, belonging to the Company in his possession.

**FOURTH**:  Employee shall not contact any current or former customers of the Company.

**FIFTH**:  Employee shall not disclose or discuss the terms of this Agreement with anyone other than his spouse, legal counsel and/or tax preparer. Employee agrees that if he breaches the provisions of this paragraph, he will repay the Company the amount equivalent to three (3) months of his compensation, and the Company's reasonable

**Exhibit C**

attorney's fees and court costs if the Company is only able to obtain the repayment through legal action against him.

**SIXTH**: Employee agrees that he will not hereafter discuss, in any way, the Company's business operations, its employees, or its customers, or any related business-related matters with anyone outside the Company without the Company's prior approval.

**SEVENTH**: Employee agrees that, outside of any legal proceedings, he shall not make any verbal or written statements which are or could reasonably be interpreted as being of a negative or critical nature concerning the Company or its owners, managers, or employees. For its part, the Company will not allow its management personnel to make any verbal or written statements which are or could reasonably be interpreted as being of a negative or critical nature concerning Employee.

**EIGHTH**: In the event that the Company needs any information from Employee following the ending of employment, he agrees to provide such information without additional cost to the Company.

**NINTH**: As a material inducement to the Company to enter into this Agreement, Employee hereby irrevocably and unconditionally releases, acquits, and forever discharges the Company and each of its owners, predecessors, successors, managers, and employees (collectively, "Releasees"), from any and all complaints, claims, charges liabilities, and causes of action of any nature whatsoever, known or unknown, including, but not limited to, rights or claims under Title VII of the Civil Rights Act of 1964, 42 USC Section 1981, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Tennessee Human Rights Act, the Tennessee Disability Act, the Tennessee Public Protection Act, all claims arising under common law, all claims arising under any federal, state, or local laws prohibiting discrimination, all claims related to retaliation, and all claims arising from Employee's termination of employment, which Employee has, owns, or holds, or which Employee at any time heretofore had, owned, or held, or which Employee at any time hereinafter may have, own or hold against each or any of the Releasees, which arose on or before the date of signing of this Agreement.

**TENTH**: Employee is advised by the Company that he has, and that he will be provided, up to twenty-one (21) days from being presented this Agreement within which to consider, sign and return this Agreement. Employee understands and agrees that he does not have to use all 21 days to consider the Agreement, that he may sign the Agreement at any time during the 21-day period, and that, if he signs the Agreement before the 21-day period elapses, he voluntarily waives the right to utilize all 21 days to consider the Agreement. Employee acknowledges that he has been advised by the Company that, as with any legal document, he may wish to consult with an attorney prior to executing this Agreement.

**ELEVENTH**: Employee further represents that he has read this Agreement in its entirety, fully understands its contents, and without duress or coercion, and of sound mind, knowingly and voluntarily enters into this Agreement and agrees to its terms and conditions. Employee represents and acknowledges that he has been informed by the Company that he may revoke this Agreement at any time within seven (7) days after signing it, and that the Agreement does not become effective until such revocation period

has passed. Notice of such revocation must be provided to the Company in writing and received by the Company within the revocation period.

Signed on the dates below.

DATED: _Feb 7, 2024_, 2023   _BARRY younkin_
Name ("Employee")

DATED: _____, 2023   Tennessee Distilling Group, LTD ("Company")

By: _[signature]_

**TENNESSEE DISTILLING LTD**

January 19, 2024

Tennessee Distilling Group, LLC
1929 Ridgecrest Drive
Columbia, TN 38401

Barry Younkie
215 Columns Way, Apt. #626
Spring Hill, TN 37174

RE: Tahoe Lease Agreement, January 2024

    This letter is to confirm that Tennessee Distilling Group will guarantee reimbursement to you of the recurring monthly lease obligation of $1,660.44 (One Thousand Six Hundred Sixty Dollars and Fourty-Four Cents) through the initial lease term of thirty-six (36) months for a 2024 Chevrolet Tahoe which you have personally leased in January 2024. Additionally, Tennessee Distilling Group will provide you with premium reimbursement on an annual basis for your auto insurance coverage on the Tahoe for the initial lease term in the amount of $2,093.80 (Two Thousand Ninety-Three Dollars and Eighty Cents); proof of which should be submitted.

    Reimbursement will occur at the first pay period of each month as a separate payment. This payment will be grossed up to cover any taxes or withholdings and will be included in your W-2 earnings.

    At maturity of the initial lease, you will have the opportunity to release or purchase the vehicle for the remaining payoff through the dealership, which will be handled without obligation of Tennessee Distilling Group.

    Tennessee Distilling Group will not be responsible for any vehicle maintenance and/or other operating expenses. At the maturity of the initial lease term, any mileage overage or additional expenses will not be the responsibility of Tennessee Distilling Group.

Signature: _____  Date: 1-24-2024
Barry Younkie

Signature: _____  Date: 11 January 2024
Mark MacKenzie, Managing Partner

Tennessee Distilling Group  1929 Ridgecrest Dr. Columbia, Tennessee 38401 USA  +1 800 560 7915  tndistilling.com